**COLIN M. RUBICH**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Ave. North, Suite 3200
Billings, MT 59101
Phone: (406) 657-6101
FAX:    (406) 657-6989
E-Mail: Colin.Rubich@usdoj.gov

**ATTORNEY FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR 18-25-BLG-SPW** |
| Plaintiff, | |
| vs. | **OFFER OF PROOF** |
| **JAMES N. NEVELS, III,** | |
| Defendant. | |

The United States of America, represented by Assistant United States Attorney Colin M. Rubich, files its offer of proof in anticipation of the change of plea hearing set in this case on August 14, 2018.

1

## THE CHARGE

The defendant, James N. Nevels, III, is charged by indictment with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (Count I); and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Count II).

## PLEA AGREEMENT

There is not a plea agreement in this case. Nevels will plead guilty to the indictment without benefit of a written plea agreement. In the government's view, this is the most favorable resolution of this case for the defendant. *See Missouri v. Frye*, 566 U.S. 134 (2012).

## ELEMENTS OF THE CHARGE

In order for Nevels to be found guilty of Count I, conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846, the United States must prove each of the following elements beyond a reasonable doubt:

**First**, beginning on or about October 3, 2017, and continuing until on or about December 12, 2017, there was an agreement between two or more persons to possess with intent to distribute methamphetamine; and

**Second**, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

Additionally, while not a formal element of the offense, the government would have to prove that the amount of methamphetamine Nevels conspired to

2

possess with the intent to distribute totaled 50 or more grams of actual methamphetamine.

In order for Nevels to be found guilty of Count II, possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), the United States must prove each of the following elements beyond a reasonable doubt:

**First**, the defendant knowingly possessed methamphetamine; and

**Second**, the defendant possessed it with the intent to distribute it to another person.

Additionally, while not a formal element of the offense, the government would have to prove that the amount of methamphetamine Nevels possessed with the intent to distribute totaled 50 or more grams of actual methamphetamine.

In order for Nevels to be convicted of aiding and abetting possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, the United States must prove the following elements beyond a reasonable doubt:

**First**, someone else committed possession with intent to distribute methamphetamine;

**Second**, the defendant, aided, counseled, commanded, induced, or procured that person with respect to at least one element of possession with intent to distribute methamphetamine;

**Third**, the defendant acted with the intent to facilitate possession with intent to distribute methamphetamine; and

**Fourth**, the defendant acted before the crime was completed.

Additionally, while not a formal element of the offense, the government would have to prove that Nevels aided and abetted the possession with the intent to distribute of 50 or more grams of actual methamphetamine.

## PENALTY

Both counts of the indictment carry a mandatory minimum penalty of ten years to life imprisonment, a $10,000,000 fine, at least five years of supervised release, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

In early October of 2017, members of the EMHIDTA task force received information that Nevels' codefendant, Nichole Waldhalm, was distributing methamphetamine in the Billings area that she received from California.[1]

On October 3, 2017, a CI conducted a controlled purchase of ¼ ounce of methamphetamine from Waldhalm and Nevels.  On October 4, 2017, the CI purchased ½ ounce of methamphetamine from Waldhalm.  Waldhalm informed the CI that the methamphetamine was Nevels' methamphetamine.  On October 10, 2017, the CI attempted to purchase methamphetamine from Waldhalm, but she was out of town.  Instead, Waldhalm told the CI to meet Nevels at her apartment.

---

[1] Waldhalm pled guilty to Count I of the indictment on July 19, 2018 (Doc. 46).  She is schedule to be sentenced by this Court on November 29, 2018 (Doc. 52).

Nevels sold the CI one ounce of methamphetamine.   On November 9, 2018, the CI purchased another ½ ounce of methamphetamine from Waldhalm.   Nevels was present for that transaction.

On December 12, 2017, Waldhalm was arrested by the Montana Highway Patrol and found to be in possession of one ounce of methamphetamine. Waldhalm admitted that she and Nevels brought between two and four ounces of methamphetamine from California to Montana.

The methamphetamine implicated in the conspiracy totals more than 50 grams of actual methamphetamine.

DATED this 13th day of August, 2018.

                                  KURT G. ALME
                                  United States Attorney

                                  */s/ Colin M. Rubich*
                                  COLIN M. RUBICH
                                  Assistant U.S. Attorney