IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. CR 18-25-BLG-SPW |
| Plaintiff/Respondent, | |
| vs. | ORDER |
| JAMES NEVELS III, | |
| Defendant/Movant. | |

This case comes before the Court on Defendant/Movant James Nevels's III's

motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255.

Nevels is a federal prisoner proceeding pro se.

## I. Preliminary Review

Before the United States is required to respond, the Court must determine

whether "the motion and the files and records of the case conclusively show that

the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules

Governing Section 2255 Proceedings for the United States District Courts.  A

petitioner "who is able to state facts showing a real possibility of constitutional

error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98

F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring)

(referring to Rules Governing § 2254 Cases).  But the Court should "eliminate the

1

burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

Nevels pled guilty and was convicted on charges of Conspiracy to Possess with Intent to Distribute Methamphetamine, and Possession with Intent to Distribute. (Doc. 90.) He was sentenced on February 19, 2019, to 180 months on each count, to run concurrently. (*Id.*, at 2.) Nevels received a Chapter Four career offender enhancement to his offense level, based on his prior conviction of two or more drug offenses. While his presentence investigation report ("PSR") included information about the places of these convictions, docket numbers, dates, sentences, felony status, etc., the PSR did not include the exact statutes of conviction. The PSR shows five scored felony drug offenses in his adult criminal history. Nevels' sentence was below the guideline range.

Nevels timely appealed. (Doc. 93.) Nevels' trial counsel withdrew, and appellate counsel was appointed. (Doc. 101.) Nevels's contention on appeal was that this Court erred when it relied solely on the PSR's list of convictions to enhance Nevels' sentence, when the PSR did not specify the statutes of conviction, and the government did not provide evidence to establish the convictions. On

March 5, 2021, the Ninth Circuit Court of Appeals agreed with Nevels that this Court erred when it relied on a PSR that did not include the statues of conviction. (Doc. 104 at 2.) However, the Court of Appeals determined that it could take judicial notice of the conviction documents submitted to the record by the United States and concluded that the underlying convictions were felony controlled-substance convictions that supported the career enhancement. Nevels' conviction was affirmed. *U.S. v. Nevels*, No. 19-30041, 839 F. App'x 136 (9th Cir.Mar. 5, 2021).

Nevels did not petition for a writ of certiorari from the United States Supreme Court.

On May 11, 2021, pro se, Nevels moved under 18 U.S.C. § 841(b)(1)(A) for compassionate release. (Doc. 106.) Counsel was appointed, and the motion was denied on November 8, 2021. (Doc. 116.) Nevels appealed, and the denial was affirmed on August 25, 2022.

Nevels filed this § 2255 motion on June 27, 2023.

### III.  Timeliness of the Motion

A one-year limitations period applies to motions filed by federal prisoners under 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2255(f).  Time begins to run on the latest of four "trigger" dates. *See* 28 U.S.C. § 2255(f); *Lee v. Lampert*, 653 F.3d 929, 933 (9th Cir. 2011) (en banc). They are:

3

(1)    the date on which the judgment of conviction becomes final;

(2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

A motion that is untimely under the statute may nonetheless be heard if the movant can show that he is entitled to equitable tolling or that he is actually innocent. *See, e.g.*, *Holland v. Florida*, 560 U.S. 631 (2010); *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

Absent a reason to apply one of the other "trigger" dates in 28 U.S.C. § 2255(f)(2)–(4), Nevels's motion had to be filed within one year of the date his conviction became final. *See* 28 U.S.C. § 2255(f)(1). Nevels's judgment became final ninety days after the Court of Appeals ruled on his appeal, i.e., on June 3, 2021. He should have filed his § 2255 motion by June 3, 2022. He filed his motion on June 27, 2023, over a year late.

Consequently, Nevels must show cause why his motion should not be

dismissed with prejudice as time-barred. A motion that is untimely under the statute may nonetheless be heard if the movant can show that he is entitled to equitable tolling or that he is actually innocent. *See, e.g.*, *Holland v. Florida*, 560 U.S. 631 (2010); *McQuiggin v. Perkins*, 569 U.S. 383 (2013).

Nevels is aware of the untimeliness of his motion and agrees with the Court's analysis regarding timing. (Doc. 122-1 at 1.) He does not rely on any of the other § 2255(f) trigger dates to excuse his tardiness, but instead contends he is entitled to equitable tolling, because he has been pursuing his rights diligently, and an extraordinary circumstance stood in his way. (Doc. 122-1 at 1, quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010).) Nevels identifies the extraordinary circumstances as: he just recently acquired the documents from his Court of Appeals file that he now relies on; his appellate attorney did not advise of him of his right to file a § 2255 motion; and prison conditions, including COVID restrictions, have impeded is ability to file. (Doc. 122-1 at 2.) The Court is not persuaded.

To obtain equitable tolling, a movant must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Smith v. Davis*, 953 F.3d 582, 588 (9th Cir. 2020) (en banc) (quoting *Holland*, 560 U.S. at 649). A movant must be reasonably diligent not only while the extraordinary circumstance prevents him

from filing "but before and after as well, up to the time of filing his claim in federal court." *Id.* at 599. "[O]nly when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing" does equitable tolling apply. *Id.* at 600.

The Ninth Circuit instructs that "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F. 3d 1150, 1154 (9th Cir. 2006); see also, *Ford v. Pliler*, 590 F. 3d 782, 789 (9th Cir. 2009)(equitable tolling "standard has never been satisfied by a petitioner's confusion or ignorance of the law alone"); *Waldron-Ramsey v. Pacholke*, 556 F. 3d 1008, 1013 n. 4 (9th Cir. 2009)("[A] pro se petitioner's confusion or ignorance of the law is not, itself, a circumstance warranting equitable tolling."). Additionally, normal prison limitations on law library access do not warrant equitable tolling. See, *Ramirez v. Yates*, 571 F. 3d 993, 998 (9th Cir. 2009)("Ordinary prison limitations on Ramirez's access to the law library and copier…were neither 'extraordinary' nor made it impossible for him to file his petition in a timely manner."); *Frye v. Hickman*, 273 F. 3d 1144, 1146 (9th Cir. 2001)(recognizing that a lack of access to library materials does not automatically qualify as grounds for equitable tolling.).

The Court of Appeals ruled on Nevels's appeal on March 5, 2021, at which point he was aware of the resolution of the issue. For the following year and a half,

6

he pursued a motion for compassionate release through appeal, initially pro se, and then with the assistance of an attorney. Only many months after that motion was resolved did he file this motion. The Court sees no extraordinary circumstance that would have prevented him from doing so within the time proscribed by statute. The fact that he only received the documents that he believes proves his case after the period had expired does not excuse his failure to diligently pursue those documents earlier, especially since he had an attorney during that time who could have helped him obtain the documents. Nevels shows neither that he acted with reasonable diligence nor a causal connection between an extraordinary circumstance and his untimely filing. He is not entitled to equitable tolling.

Nevels does not attempt to show actual innocence.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Gonzalez*, 565 U.S. at 140 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a

claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 140–41.

Nevels's argument that he could not have filed his motion on time is unconvincing. He simply failed to act with reasonable diligence. A COA will be denied.

Accordingly, IT IS ORDERED:

1. Nevels's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Docs. 122) is DISMISSED WITH PREJUDICE as time- barred.

2. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Nevels files a Notice of Appeal.

3. The clerk shall ensure that all pending motions in this case and in CV 23-71-BLG-SPW are terminated and shall close the civil file by entering judgment in favor of the United States and against Nevels.

DATED this 24th day of August, 2023.

Susan P. Watters
United States District Court

8